875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jan Murray CANTRELL, Plaintiff-Appellant,
v.
Joe FOWLER, Sheriff, Carl E. Hill, Chief, Charles Bowers,
Captain, Quinlan, Captain, Alex C. Warren, Sgt., Bob
Humphrey, Sgt., Scott Moore, Bean, Detention Officer;
Wesley Morris, Defendants-Appellees.
 No. 88-6141.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jan Murray Cantrell appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983 for failure to state a claim upon which relief can be granted. Cantrell alleged that, as a pretrial detainee at the Knox County Jail, he was found guilty of a disciplinary infraction without due process. Specifically, Cantrell alleged that he was given less than 24 hours to prepare for the disciplinary hearing, he was not permitted to call witnesses at the hearing, and the disciplinary board did not consist of three members as required by state law.
 
 
 3
 The district court considered plaintiff's allegations, raised for the first time in his objections to the magistrate report and recommendation, as an amended complaint. The district court concluded that plaintiff failed to state a claim upon which relief can be granted and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 As a pretrial detainee not facing the loss of good time credit, Cantrell is entitled to due process in disciplinary proceedings as enunciated in Hewitt v. Helms, 459 U.S. 460 (1983). Here, Cantrell received notice of the charge against him and an opportunity to present his views to the disciplinary board. Therefore, Cantrell received the due process to which he was entitled. See Hewitt, 459 U.S. at 476.
 
 
 5
 Furthermore, Cantrell's contention that a three member disciplinary board is required under Tenn.Code Ann. Sec. 41-2-111(c) is without merit. First, this requirement is applicable to prisoners who have been sentenced and who face the loss of good time credit in a disciplinary proceeding. See Tenn.Code Ann. Sec. 41-2-111(a) & (b). Moreover, even if the state law were violated, a due process analysis is used to determine whether plaintiff's rights have been denied arbitrarily. See Childs v. Pellegrin, 822 F.2d 1382, 1386-87 (6th Cir.1987). Here, we conclude that Cantrell has not suffered a constitutional deprivation merely because the disciplinary board consisted of only two members.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.